1  Jonathan Greenburg
   Laura Greenburg
2  24981 Palmilla Drive
   Calabasas, CA 91302
3  Tel. 818-414-4817

4  Plaintiffs in Pro Se

5

FILED

MAR 2 9 2010

CLER...
CEN...

6              UNITED STATES BANKRUPTCY COURT

7              CENTRAL DISTRICT OF CALIFORNIA

8  In Re                                    ) Main Case Number:  1:09-bk-22213-MT
                                            )
9  JONATHAN GREENBURG AND LAURA             ) Adversary Case No.: _____
   GREENBURG,                               )
10                                          ) Assigned to the Hon. Maureen Tighe
                  Debtors,                  )
11 _____ ) Chapter 7
                                            )
12 JONATHAN GREENBURG AND LAURA             ) COMPLAINT FOR  LACK OF
   GREENBURG,                               ) STANDING; PREDATORY LENDING
13                                          ) PRACTICES; INJUNCTIVE RELIEF;
                  Plaintiffs,               ) AND DAMAGES
14        v.                                )
                                            )
15 JP MORGAN CHASE BANK, N.A., WELLS        )
   FARGO BANK, N.A. AS TRUSTEE FOR          )
16 WAMU MORTGAGE PASS-THROUGH               )
   CERTIFICATES SERVICES 2006-PR1 TRUST,    )
17 and DOE DEFENDANTS 1- 50,                ) Courtroom:     302, 3rd Floor
                                            ) Court location: 21041 Burbank Blvd.
18                Defendants.               )               Woodland Hills, CA 91387
   _____ )

19

20        TO THE BANKRUPTCY COURT, AND TO ALL PARTIES TO THIS CASE:

21        Debtors Jonathan Greenburg and Laura Greenburg ("Greenburg") hereby file Complaint

22 in Adversary Proceedings as against Defendants JP Morgan Chase Bank, N.A. ("Chase"), and

23 Wells Fargo Bank, N.A. as Trustee for Wamu Mortgage Pass-Through Certificates Services

24 2006-PR1 Trust ("WFB").

25 DATED: March 29, 2010                    Respectfully submitted,

26

27 By:_____              By:_____
       Jonathan Greenburg, Debtor in Pro Se    Laura Greenburg, Debtor in Pro Se
28

1  COME NOW DEBTORS JONATHAN GREENBURG AND LAURA GREENBURG,

2  Debtors and Plaintiffs in Pro Se ("Debtor" or "Plaintiff") alleging that the Notice of Trustee Sale

3  is invalid; that Defendants JP Morgan Chase Bank, N.A. ("Chase"), and Wells Fargo Bank, N.A.

4  as Trustee for Wamu Mortgage Pass-Through Certificates Services 2006-PR1 Trust ("WFB") for

5  lack standing to foreclose on the properties described hereinbelow ("Properties"); for Predatory

6  Lending Practices; for Injunctive Relief to prevent Chase and WFB from foreclosing on the

7  Properties; and for Damages, as follows:

8  **THE PARTIES**

9  1.      Debtor Jonathan Greenburg ("Debtor" or "Plaintiff") is a citizen of the State of

10  California.

11  2.      Debtor Laura Greenburg  ("Debtor" or "Plaintiff") is a citizen of the State of

12  California.

13  3.      Defendant JP Morgan Chase Bank, N.A. ("Chase") is a National Bank organized

14  under the laws of the United States.

15  4.      Defendant Wells Fargo Bank, N.A. as Trustee for Wamu Mortgage Pass-Through

16  Certificates Services 2006-PR1 Trust ("WFB") is a National Bank organized under the laws

17  of the United States.

18  5.      Debtor does not know the names or true capacities of Defendants identified as

19  DOES 1 through 50, inclusive, herein, and therefore sues these Defendants by fictitious

20  name. (the "Fictitious Defendants.") The Fictitious Defendants are in some manner liable

21  to Debtor, or claim some right, title, or interest in the property herein described that is

22  subsequent to and subject to the interest of Debtor, or both. Debtor will amend this

23  complaint to allege the true names, interests, rights, and capacities of the Fictitious

24  Defendants when ascertained.

25  6.      Debtor is informed and believes and thereon alleges at all times herein mentioned

26  each of the Defendants was the agent, servant, or employee of each of the remaining

27  Defendants, and in doing the things herein alleged was acting within the course and scope

28  of such agency or employment. Debtor is further informed and believes and thereon

1  alleges each Defendant approved, ratified, or affirmed the acts and conduct of each other

2  Defendant or its officers or managing agents.

3  7.    Each and every reference to "Defendants" in this complaint is intended and shall

4  be deemed and construed to refer to all Defendants, named and unnamed, including the

5  Fictitious Defendants, against whom a cause of action is brought.

6  **JURISDICTION AND VENUE**

7  8.    Plaintiff is the Debtor and Debtor in Possession in the above-captioned case having filed

8  a voluntary petition under Chapter 7 of the Bankruptcy Code on September 17, 2009 and for all

9  times thereafter he has remained in possession pursuant to 11 U.S.C. §§1107(b).

10  9.    This is a civil action arising in the above captioned Debtor's Chapter 7 bankruptcy

11  case pending in this judicial district, and arising under, arising in and related to Title 11 of

12  the United States Code.

13  10.    Venue is proper pursuant to 28 U.S.C. § 1409 as the events and transactions which

14  form the basis of this complaint occurred in the County of Los Angeles, California.

15  11.    This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and 28

16  U.S.C. § 157 (b)(2)(A), (E), (K) and (O) to hear and determine this proceeding and to

17  enter an appropriate final order and judgment. Accordingly, this adversary proceeding is a

18  core proceeding.

19  12.    This Court also has jurisdiction over this adversary proceeding pursuant to 11 U.S.C.§

20  105(b); 28 U.S.C. §1408 and Rule 7001 et seq., F.R.B.P.

21  **OPERATIVE FACTS**

22  13.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 2 as

23  though fully restated herein.

24  14.    The real property which is the subject of this adversary proceeding is described as

25  follows:

26      A.    24981 Palmilla Drive, Calabasas, California 91302 ("Calabasas Property")

27      B.    9473 Havasu Canyon Avenue, Las Vegas, Nevada 89166 ("Las Vegas Property")

28

1       C.    24431 Trevino Drive, #V/2, Santa Clarita, California 91355 ("Santa Clarita

2       Property")

3       Collectively, the three real property parcels shall be referred to as the "Properties."

4   15.    Plaintiff obtained a loan from Washington Mutual Bank ("WaMu") in the approximate

5   amount of $1,383,630 secured by a first deed of trust against the Calabasas Property.

6   16.    Plaintiff obtained a loan from Wells Fargo Bank ("WFB") in the approximate balance of

7   $248,169 secured by a second deed of trust against the Calabasas Property.

8   17.    Plaintiff obtained a loan from WaMu in the approximate amount of $277,344 secured by

9   a deed of trust against the Santa Clarita Property.

10  18.    Plaintiff obtained a loan from WaMu in the approximate amount of $275,761 secured by

11  a first deed of trust against the Las Vegas Property.

12  19.    Plaintiff obtained a loan from WaMu in the approximate amount of $31,754 secured by a

13  second deed of trust against the Las Vegas Property.

14  20.    Collective these loans shall be referred to as the "Loans."

15            **FIRST CLAIM FOR RELIEF**

16            (For Lack of Standing Against All Defendants)

17  21.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 20

18  as though fully restated herein.

19  22.    All the loans secured by deeds of trust against the Properties were originated by WaMu.

20  23.    As the loans were originated by Wamu, nit by Chase or WFB, the Defendants named in

21  this Complaint do not have standing to enforce trustee's sales against the Calabasas Property, the

22  Santa Clarita Property and the Las Vegas Property. As such, their claims as against the

23  Properties are null and void and of no legal effect.

24            **SECOND CLAIM FOR RELIEF**

25            (For Predatory Lending Practices Against All Defendants)

26  24.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 23

27  as though fully restated herein.

28

25.     When Plaintiff obtained the loans described in this Complaint from WaMu, Plaintiff did not have any reason to distrust WaMu, or any of its agents or employees. At no time during the loan transactions alleged herein was Plaintiff aware of WaMu's predatory and unlawful lending practices.

26.     At the time the Loans were originated, Plaintiff had good credit score. Plaintiff is informed and believes and thereon alleges that his credit rating, savings, value of the Properties made them eligible for a variety of loan products.

27.     In communicating with WaMu to obtain the Loans, WaMu made false and fraudulent representations to Plaintiff, and fraudulently concealed the true terms of the Loans, including but not limited to the existence, type, and amount of points and other brokerage fees paid to WaMu, the existence and amount of the prepayment penalty, the adjustable rate terms of the Loans, the true interest rate on the Loans, the unaffordable monthly payments, the total loan amount, and the nature and amount of closing costs.

28.     WaMu also misrepresented that the Loans comported with prudent lending standards; that Plaintiff's debt-to-income ratio was sufficient to justify the Loans; that Plaintiff was qualified for the Loans with insufficient income documentation; that WaMu overstated the true appraised value of the Properties; and that the terms of the Loans complied with state and federal law, including TILA and RESPA.

29.     WaMu also misrepresented that the fees and charges for the Loans were lawful and proper and did not include any hidden finance charges; that the fees and charges paid to WaMu were lawful and proper, were not excessive, were incurred for genuine settlement services rendered, and did not constitute an illegal kickback, unearned fee, or fee split.

30.     The foregoing representations made by Eastern were in fact false. When Eastern and/or its agents and representatives made the foregoing representations, they knew those representations to be false. Eastern made the foregoing representations with the intent to deceive and to defraud Plaintiff by inducing him to execute the Eastern Note and Deed of Trust, which was recorded against the Property.

31.     At all times during the loan process and at the time Plaintiff executed the Notes and Deeds of Trust for the Loans, Plaintiff were ignorant of the falsity of the representations made by WaMu and could not, in the exercise of reasonable diligence, have discovered said fraud.

32.     Plaintiff would have not executed the WaMu Notes and Deeds of Trust, had the foregoing representations not been made.

33.     Plaintiff justifiably relied on the representations of WaMu because Plaintiff was led to believe by WaMu and its agents and representatives that WaMu was purportedly a reputable lender, represented by reputable loan brokers, and/or loan servicers.

34.     As a proximate result of the false and fraudulent representations made by WaMu, its agents and representatives, Plaintiff has incurred general damages in a sum according to proof at trial, together with interest thereon from and after the Loans were funded in the maximum amount allowed by law, and estimated to exceed $2,000,000.

35.     As a further proximate result of the false and fraudulent representations made by WaMu, Plaintiff incurred damage to his credit rating, in a sum according to proof at trial.

36.     The conduct by WaMu and its agents and representatives constitutes a series of intentional acts committed by these Defendants with the intention of depriving Plaintiff of property or legal rights or otherwise causing Plaintiff injury. Such conduct was despicable, subjecting Plaintiff to unjust hardship in conscious disregard of his rights, justifying an award of exemplary and punitive damages against WaMu.

37.     Plaintiff is informed and believes, and based thereon alleges, that the conduct of the Defendants was undertaken with the intention of obtaining title to the Subject Property through fraudulent and deceptive conduct, and the Defendants, and each of them, engaged in conduct intended to chill bidding and in violation of California law.

38.     Plaintiff is informed and believes, and based thereon alleges, that the underlying promissory note, deed of trust, notice of default, notice of sale, trustee's sale and trustee's deed upon sale, as well as Defendants' conduct, were unfair, irregular, unlawful, invalid, void, defective, fraudulent and oppressive.

**THIRD CLAIM FOR RELIEF**

(For Injunctive Relief Against All Defendants)

39.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 38 as though fully restated herein.

40.    WaMu and its agents, representatives, employees and assignees have engaged in predatory lending practices in originating the Loans, all to Plaintiff's detriment.

41.    By virtue of the foregoing, Defendants have engaged in unfair, unlawful and fraudulent business practices in violation of California *Business & Professions Code* §§ 17200 et seq, and Plaintiff is entitled to restitution, injunctive and equitable relief.

35.    Having wrongfully filed Notice of default against the titles to the Properties, Plaintiff is informed and believes, and based thereon alleges, that Defendants now intend to foreclose and sell the Properties and place it beyond Plaintiff's reach. Defendants' wrongful conduct, unless and until restrained by order of this court, will cause great and irreparable injury to Plaintiff, including but not limited to loss of the Properties.

36.    Plaintiff has no adequate remedy at law, as, inter alia, the value of the Properties is extremely difficult to ascertain and the Properties is unique.

42.    Based on the foregoing, the Court should enjoin WaMu from foreclosing on the Properties until all the claims alleged herein by Plaintiff, and the defenses to be presented by WaMu and its purported assignees - Chase and WFB - are fully adjudicated.

**FOURTH CLAIM FOR RELIEF**

(For Damages Against All Defendants)

43.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 42 as though fully restated herein.

44.    As a direct and proximate result of said Defendants' wrongful conduct as alleged hereinabove, Plaintiff has sustained and will sustain compensatory damages in an amount not yet ascertained but which Plaintiff is informed and believes and based thereon alleges exceeds $2,000,000. Plaintiffs will seek leave to amend this Complaint to allege the exact amount of his damages when the same has been finally ascertained.

45.      Plaintiff is informed and believes and based thereon alleges that said Defendants' actions were undertaken wilfully, maliciously, and with a reckless and conscious disregard of Plaintiff's rights. The acts and conduct of Defendants were despicable, constituted fraud, oppression and malice within the meaning of Civil Code §3294 and were undertaken with the intent to injure Plaintiff and deprive him of his rights and property, constituting clear and convincing evidence of despicable, outrageous, oppressive and malicious conduct within the meaning of Civil Code §3294. The acts of Defendants' co-conspirators, partners, joint venturers, principals, employees, agents and representatives were authorized, approved and ratified by Defendants. Plaintiff therefore is entitled to exemplary or punitive damages in an amount as may be necessary to punish and make an example of said Defendants for their wrongful conduct.

**WHEREFORE,** Debtors and Plaintiffs Jonathan Greenburg and Laura Greenburg pray for judgment against Defendants JP Morgan Chase Bank, N.A., Wells Fargo Bank, N.A. as Trustee for WaMu Mortgage Pass-Through Certificates Services 2006-PR1 Trust, and each of them, as follows:

1.      For preliminary and permanent injunctions, along with a temporary restraining order;

2.      For cancellation of the Notice of Default and Notice of Trustee's Sale filed against the titles of the three Properties;

3.      For compensatory damages in an amount as yet unascertained, but in excess of $2,000,000 and according to proof;

4.      For exemplary or punitive damages in a sum sufficient to punish Defendants and make an example of them;

5.      For such attorney fees as Plaintiffs may be entitled to by law;

6.      For costs of suit;

7.      For other and further legal and equitable relief as the Court may deem just and proper.

DATED: March 29, 2010

By: _____
Jonathan Greenburg
Debtor and Plaintiff in Pro Se

By: _____
Laura Greenburg
Debtor and Plaintiff in Pro Se

Summons and Notice of Status Conference - *Page 2*                              **F 7004-1**

| In re                          (SHORT TITLE) | CASE NO.: 1:09-bk-22213-MT |
|---|---|
| Jonathan Greenburg and Laura Greenburg,<br><br>                                    Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

301 S. Roxbury Drive, Beverly Hills, CA 90212

A true and correct copy of the foregoing document described as **SUMMONS AND NOTICE OF STATUS CONFERENCE** _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**Drop off Box of Hon. Maureen A. Tighe, BAnkruptcy Court, 21041 Burbank Blvd # 325, Woodland Hills, CA 91387**

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Stephanie A. Schiff, Esq., Stephen W. Pite, Esq., 4375 Jutland Drive, Suite 200, San Diego, CA 92177
David Seror, Bankruptcy Trustee, 9401 Wilshire Blvd. 9th Floor, Beverly Hills, CA 90212

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/29/10 | Shmuel Erde | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)                                                          **F 7004-1**

**ORIGINAL**

FORM B104 (08/07)                                                                 2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Jonathan Greenburg and Laura Greenburg<br>24981 Palmilla Drive, Calabasas, CA 91302<br>Tel. 818-414-4817 | DEFENDANTS<br>JP Morgan Chase Bank, N.A., Wells Fargo Bank, N.A. as Trustee for<br>WaMu Mortgage Pass-Through Certificates Services 2006-PR1 Trust,<br>and Doe Defendants 1- 50 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Debtors and Plaintiffs in Pro Se | ATTORNEYS (If Known)<br>Stephen W. Pite, Esq.<br>Stephanie A. Schiff, Esq.<br>4375 Jutland Drive, Suite 200, San Diego, CA 92177 |

| PARTY (Check One Box Only)<br>☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Lack of Standing; Predatory Lending Practices; Injunctive Relief to Prevent defendants from Conducting Improper Foreclosure; and Damages.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☑ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.

☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 2,000,000.00 |

**Other Relief Sought**
Stop Defendants from improper foreclosure, adjust payoff amount to true value of the Proeprties, and damages.

FORM B104 (08/07), page 2                                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR**<br>Jonathan Greenburg and Laura Greenburg | | **BANKRUPTCY CASE NO.**<br>1:09-bk-22213-M |
| **DISTRICT IN WHICH CASE IS PENDING**<br>Central District of California | **DIVISIONAL OFFICE**<br>San Fernando valley | **NAME OF JUDGE**<br>Maureen Tighe |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** | | |
| **DATE**<br>3/29/10 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>Jonathan Greenburg and Laura greenburg, in Pro Se | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.